UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOUNMY VUE (A-070-989-577),<br>Petitioner,<br>v.<br>WARDEN OF THE GOLDEN STATE ANNEX, et al.,<br>Respondents. | No. 1:26-cv-06394 DC-CSK<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner Bounmy Vue (A-070-989-577), a noncitizen who is proceeding without counsel, has filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner challenges his July 2026 re-detention by U.S. Immigration and Customs Enforcement ("ICE"). On October 6, 2026, the district court denied petitioner's motion for a temporary restraining order and referred this matter to the undersigned for further proceedings. For the reasons that follow, the Court recommends that the petition be denied.

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17). Petitioner filed a verified habeas petition. (ECF No. 1 at 24.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)). Respondents dispute petitioner's allegations and submit extensive documents in support of their response.

## I. BACKGROUND

The factual and procedural background previously presented in the district judge's October 6, 2026 order is incorporated herein. (See ECF No. 12.)

On or about September 20, 1989, petitioner was admitted to the United States as a lawful permanent resident. (ECF No. 7 at 1.) In June 2009, petitioner was convicted of corporal injury to a spouse/cohabitant/child's parent, exhibiting a deadly weapon, and cruelty to child by endangering health. (ECF No. 7 at 42-52.) On June 19, 2012, an immigration judge ordered petitioner removed to Laos under 8 U.S.C. § 1227(a)(2)(E)(i) (Immigration and Nationality Act ("INA") section 237(a)(2)(E)(i)) for a conviction of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment, based on petitioner's 2009 conviction for corporal injury to a spouse/cohabitant/child's parent. (See ECF No. 7 at 1-2, 10-11, 42-52, 64.) Petitioner waived appeal of his removal order. (ECF No. 7 at 64.) Petitioner was detained, was not removed, and was released on September 25, 2012 on an order of supervision. (ECF No. 7 at 2, 66-69.) One of the conditions of his release was that petitioner not commit any crimes while under the order of supervision. (ECF No. 7 at 68.) After his release on the order of supervision, petitioner was convicted of multiple crimes, including possession of a firearm by a felon in 2013 and 2015, residential burglary in 2014, and resisting an officer in 2024. (ECF No. 7 at 2, 71-74, 76-78, 80-82, 84-89.)

On July 9, 2026, the Department of Homeland Security ("DHS") issued petitioner a written notice of revocation of release based on petitioner's violation of a condition of release where petitioner was convicted of multiple crimes: "felon or addict in possession of a firearm, burglary, threaten crime with intent to terrorize, impersonate to make other liable, driving under the influence, and obstruct or resist executive officer." (ECF No. 7 at 2, 91-92.) Petitioner signed and dated this Notice of Revocation on July 9, 2026, and he was re-detained on July 9, 2026. (ECF No. 7 at 2, 91-92; see ECF No. 1 at 3.) Petitioner alleges that he was not provided an informal interview after his re-detention, which Respondents dispute and provide documentation that petitioner was provided an informal interview on July 9, 2026. (Compare ECF No. 1 at 4, with ECF No. 7 at 94.) Respondents state that they are "working with the government of Laos to

secure a travel document." (ECF No. 7 at 2.)

On August 11, 2026, petitioner filed his habeas petition and a motion to appoint counsel. (ECF Nos. 1, 2.) Respondents filed their answer to the petition on August 20, 2026, and petitioner filed his traverse on September 8, 2026. (ECF Nos. 7, 8.) On September 23, 2026, petitioner filed a motion for a temporary restraining order. (ECF No. 9.) The district court ordered respondents to file a response to petitioner's motion for a temporary restraining order and substantively address whether there are any factual or legal issues in this case that render it distinct from the district court's prior orders in the cases identified. (ECF No. 10.)

On September 29, 2026, respondents filed an opposition to the motion for a temporary restraining order. (ECF No. 11.) On October 6, 2026, the district court denied petitioner's motion for a temporary restraining order. (ECF No. 12.) The district court concluded that "it appears that Respondents properly revoked Petitioner's release in accordance with regulations due to his criminal convictions accrued after his previous release." (Id.) The district court further found that where petitioner was detained for less than six months, his detention remains presumptively reasonable while respondents pursue obtaining a travel document from Laos. (Id.) The district court therefore denied the motion, holding that petitioner "has not demonstrated a likelihood of success on the merits of his claim that his continued detention violates his statutory or constitutional rights." (Id.) The district court referred this matter to the assigned magistrate judge for further proceedings. (Id.) Where the parties already submitted merits briefing, briefing is complete. (See Docket.)

## II. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has

served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes the petition as challenging (1) petitioner's re-detention as a violation of the Fifth Amendment due process clause because petitioner was detained without a pre-deprivation hearing and removal is not significantly likely in the reasonably foreseeable future; and (2) petitioner's re-detention as a violation of 8 C.F.R. §§ 241.13(i) and 241.4(l).[2] (ECF No. 1 at 3-5.)

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order, the Court does not find a basis to depart from the district court's prior findings. (See ECF No. 12.) The Court agrees with the district court's findings. This Court recommends that the petition for writ of habeas corpus be denied based on a finding that the government properly revoked petitioner's order of supervision for violating a condition of his release not to commit any crimes while under the order of supervision where petitioner was convicted of multiple crimes after his September 2012 release as described above, the government issued petitioner a written notice of revocation of release on July 9, 2026 identifying the violation and identifying multiple criminal convictions of petitioner, and where respondents provided documentation that petitioner was provided with an informal interview.[3] (See ECF No. 7 at 66-69, 91-92, 94.) In addition, the Court finds that petitioner is detained

[2] Though the pro se petition refers to a third country removal claim, it does not appear that petitioner has a third country removal claim where the immigration judge ordered petitioner removed to Laos in 2012, petitioner waived appeal of the removal order to Laos, and respondents are seeking to remove petitioner to Laos, not a third country. (See ECF No. 7 at 2, 64.) Therefore, it does not appear that petitioner can plead a third country removal claim. In addition, the record before the court also indicates that petitioner may be a native or citizen of Laos. (See ECF No. 1 at 3 and ECF No. 8 at 3 (petitioner refers to "his native country of Laos"); ECF No. 7 at 10 (Notice to Appear alleges petitioner is a native of Thailand and a citizen of Laos).)

[3] Respondents submitted detailed records, including state court criminal records and immigration records in support of its response to the petition.

pursuant to 8 U.S.C. § 1231(a)(6), and his detention is not prolonged where he was re-detained on July 9, 2026, and has been detained for less than six months. In addition, petitioner's order of supervision was revoked based on his violation of a condition of his release for multiple criminal convictions sustained after his September 2012 release, not based on changed circumstances. The Court therefore declines to analyze, at this time, whether there is a significant likelihood of removal in the reasonably foreseeable future.

## IV. MOTION FOR APPOINTMENT OF COUNSEL

Petitioner filed a motion for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. The Court concludes that the interests of justice do not require appointment of counsel, and petitioner's motion for appointment of counsel is denied without prejudice.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 3) is denied without prejudice.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be DENIED.
2. The Clerk of Court be directed to enter judgment for respondents and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven days** after service of the objections. The parties are advised that

///

///

///

failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 26, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/vue.6394.26.frs